NelsoN, J.,
delivered the opinion of the court.
The declaration in this action of trespass contains two counts, the one for wrongfully and illegally taking a large quantity of personal property; the other “for illegally and maliciously forcing plaintiff and family out of his house and off his farm and destroying his farms, houses and other property and occupying and using them as camping-grounds and camping-houses, to the plaintiff’s damage, $40,000.” Part of the original defendants pleaded not guilty and justification; but the plaintiff in error relied alone upon the pleas of not guilty and accord and satisfaction. On the trial of the cause, Chancellor Trewhitt, presiding in place of the Circuit Judge, instructed the jury, among other things, as follows: “ If you are satisfied from the testimony in the cause that the plaintiff was forced from his home and premises to his injury and damage by force, express or implied, brought to bear upon him by the defendants, and that he was the owner of personal property and the same was taken from him wrongfully by defendants, and the same was a continued trespass or series of acts constituting one trespass, then, under the state of pleadings in this cause, you will find the issue upon the pleas of not guilty in favor of the plaintiff.”
The evidence in the case shows that Collins, the plaintiff below, was the owner of a large estate; that being a union man, he abandoned his residence, and *3 a large part of his property, at or soon after the approach of the Confederate forces; that the soldiers, or a part of them, under Col. McKenzie’s command encamped for some time, upon his premises, where they were stationed to guard the river; that they seized the horses and mules and otherwise consumed or destroyed the other personal property mentioned in the declaration. It is in proof that the plaintiff in error told the soldiers after they had encamped upon the premises, that as Collins was an old Lincolnite and had gone off and left his property, it belonged to them and would go to help pay the expenses of the war; that he used other strong expressions against him, and declared that Collins was an enemy to the South; that the soldiers might as well forage on him as on any other person, and that his property ought to go to the use of the Southern Confederacy. It was further proved that plaintiff in error, who did not belong to ' the army, said in 1862, that Collins ought to be forced to leave the country for putting Union men over the river. But. there is no satisfactory evidence to show that plaintiff in error took any part of the property himself or had any other agency in the taking than his declarations to the effect above stated. Without detailing the evidence at length or referring to various cases which have recently been determined by it, this court is of opinion that upon the facts appearing in the record, it should have been left to the jury, under proper instructions, to determine whether the property was lawfully taken and consumed as an act of war, and whether the declara *4 tions of the plaintiff in error were prompted by personal hostility or were the mei’e expression of opinions as to the rights growing out of' the abandonment of the property. These instructions, although not specifically requested, should have been given as ■ arising necessarily upon the proofs made by the plaintiff below himself, but it does not appear that any charge was given upon the most material questions in the cause. And in the part of the charge above quoted, it is manifest that the jury may have been misled by the vague and indefinite instruction as to “force, express or implied.” Nothing is said as to the nature or extent of the force “ express or implied’ brought to bear in order to effect the expulsion of the defendant in error from his home, or as to what act or acts would amount to a wrongful taking of the personal property. There is no evidence in the record that the plaintiff in error, or either of the persons joined with him as defendants made any threats against the defendant in error, in his hearing, or employed any actual force whatever, to drive him from his home, and the jury doubtless regarded the loose and perhaps heated expressions that he ought to be driven. from the country, as amounting, under his Honor’s charge, to implied force, and a trespass in *fact.
The court also substantially instructed the jury that, under the plea of accord and satisfaction, it must be shown that the amount agreed to be paid and for which it appears a note was executed • by part of the defendants, should have been actually paid or *5 satisfied to render the plea available. This is contrary to the rule laid down in Brown v. Kencheloe, 3 Col., 199, and is not the law.
There are other errors in the charge of the court, which it is unnecessary to specify, as the judgment must be reversed and a new trial granted for the reasons already stated.